IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JOHN HYLAND CONSTRUCTION, INC.,** *an Oregon Corporation,*<br><br>Plaintiff,<br><br>v.<br><br>**TIMBERLAND, INC.,** *a Washington Corporation,*<br><br>Defendant. | 6:22-cv-01575-AA<br><br>**OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff, John Hyland Construction, Inc., is a general contractor that engaged defendant's framing services on a construction project ("the project"). Plaintiff brings a breach of contract claim against defendant under Oregon law. Before the Court is defendant's motion to dismiss plaintiff's complaint, and in the alternative, for a more definite statement, ECF No. 4. For the reasons explained, defendant's motion is DENIED.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff, an Oregon corporation, filed suit in the Circuit Court of Oregon for the County of Lane, Case No. 22CV31712. According to 28 U.S.C. § 1446(b), defendant, a Washington corporation, filed its notice of removal, ECF No. 1, stating as the basis for federal jurisdiction complete diversity. *See* 28 U.S.C. § 1332.

Plaintiff alleges the following: Plaintiff is a general contractor in Oregon. Defendant is a sub-contractor performing "framing and related work." Compl., ¶ 1, ECF No. 1, Ex. A. Plaintiff invited "lump-sum" bids from subcontractors to perform work on the project. *Id*. ¶ 4. Defendant submitted the lowest bid to provide framing lumber and accompanying labor. Plaintiff alleges that it accepted the bid, subject to the project owner's approval. *Id*. For reasons unrelated to the parties' disagreement in this suit, the project was delayed. *Id*. ¶ 5. Accordingly, plaintiff asked defendant to confirm its commitment on its bid and provide a "final price" to adjust for cost changes due to the delay. *Id*. Defendant responded, quoting an increased price: $27,724,913. Plaintiff accepted the increased amount in May 2021. *Id*. ¶¶ 5-6. Incorporating defendant's bid, plaintiff entered into a "binding Prime Contract" with the project owner. *Id*. ¶ 6.

Plaintiff sent defendant "a form of subcontract," and, several months later, defendant responded with proposed revisions, including modification of the lump-sum arrangement to one where defendant would be entitled to "substantially increased amounts if its costs for materials increased." *Id*. ¶ 7. Plaintiff rejected those proposed revisions and sent defendant "formal notice" that it was in breach of

Page 2 – OPINION AND ORDER

the contract "formed by [plaintiff's] acceptance of and reliance on [d]efendant's bid[,] and demanded adequate assurances of [d]efendant's intent and ability to perform." *Id*. Defendant responded by "repudiating its contract." *Id*. ¶ 8. Plaintiff states that it "fully performed" the conditions of the agreement it had with defendant. *Id*. ¶ 9.

Plaintiff asserts that because of defendant's contract breach, plaintiff suffered "increased costs for obtaining other subcontractors and suppliers to provide the required materials and labor to construct the portion of the [p]roject included within [d]efendant's bid." *Id*. ¶ 10. Plaintiff alleges damages of $440,405 in increased costs and $25,000 to mitigate further damages. *Id*.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir.2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir.2012). However, the court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## DISCUSSION

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)6, asserting that plaintiff has failed to state a claim. Mot. to Dismiss, ECF No. 4. ("Motion"). In the alternative, defendant moves for a more definite statement. Fed. R. Civ. P. 12(e).

### I.   Motion to Dismiss Breach of Contract Claim

Under Oregon law, "'[t]o state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff.'" *Moyer v. Columbia State Bank*, 316 Or. App. 393, 402-403 (2021) (quoting *Slovar v. State Board of Clinical Social Workers*, 144 Or. App. 565, 570 (1996)). The elements comprising a contract are "an offer, acceptance of that offer, and an exchange of consideration.'" *Id.* at 403.

Defendant maintains that plaintiff's claim fails because "the complaint provides no well-pleaded factual allegations" showing that there was a valid contract; consideration to support the contract; or material terms to the contract. Motion at 2,

4. Plaintiff responds that the complaint satisfies federal pleading standards and contains allegations "sufficient to state a simple claim for breach of contract and give [d]efendant more than enough information to prepare an answer. Resp. at 2, ECF No. 6.

The parties appear to disagree about the application of the standard for pleading in federal court, with defendant contending that plaintiff's complaint is not specific enough and plaintiff arguing that defendant is conflating the federal rules with the Oregon "code pleading requirements." Resp. at 3.

Resolving that issue first, the Court finds that that typical federal pleading standards under *Twombly* and *Iqbal*, rather than the Oregon standard, apply to breach of contract claims filed in federal court. Rules 12 and 8, as interpreted by federal courts, dictate the pleading standards in federal court, including for state law claims based on diversity jurisdiction. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (applying federal pleading standards to removed action based on California law). To the extent that states have pleading standards different from those under the Federal Rules of Civil Procedure, those apply solely in state courts. *See Faulkner*, 706 F.3d at 102. Regardless of state pleading standards, *Twombly* and *Iqbal* control in federal courts. *See id.*

In challenging the complaint, Defendant contends that plaintiff makes but vague legal conclusions, stating that plaintiff has not "clearly delineate[d] whether the alleged contract is completely written." *See* Reply at 4, ECF No. 8. Defendant asserts that plaintiff has not "cited" or "attached" the "specific provisions" and "key

Page 5 – OPINION AND ORDER

terms" of the contract and that this is "fatal" to plaintiff's complaint. *Id*. Defendant asserts that plaintiff cannot demonstrate the validity of a contract, because plaintiff uses inconsistent terms to describe the contract, alternating between "bid," "agreement," and "the contract." Motion at 4. Defendant also asserts that plaintiff failed to plead existence of consideration, or to allege facts showing that plaintiff fully performed the conditions of a contract. *Id*. at 5-6.

In its briefing, defendant relies heavily on the disposition in *Com. & Indus. Ins. Co. v. HR Staffing, Inc.*, No. 3:14-CV-00559-HZ, 2015 WL 133677 (D. Or. Jan. 8, 2015). The Court finds circumstances in that case distinguishable from those here in many aspects. In *Com. & Indus. Ins. Co.*, after giving the plaintiff considerable leeway to amend its complaint, the District Court determined that the plaintiff partially recited *some* elements of its breach of contract claim, omitted necessary remaining elements, and completely failed to provide a factual basis for the recited elements. That is not the case here.

Plaintiff has stated facts from which the court can draw a reasonable inference that defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Plaintiff need only set forth "a short and plain statement" showing entitlement to relief—plaintiff's failure to attach relevant portions of a contract to the complaint are not necessary under federal pleading standards. Fed. R. Civ. P. 8(a)(2); *Messer v. Portland Adventist Med. Ctr.*, 707 F. Supp. 449, 450 (D. Or. 1989) (so stating).

Plaintiff alleged the existence of a contract. Plaintiff invited "lump-sum" bids from subcontractors to perform work on the project. Compl., ¶ 4. That constitutes

an offer. Plaintiff alleged that defendant submitted the lowest bid to provide framing lumber and accompanying labor and that plaintiff it agreed to the bid, subject to the project owner's approval. *Id.* Later, plaintiff asked defendant to confirm its commitment on its bid and provide a "final price" to adjust for cost changes due to the delay and defendant quoted $27,724,913 which plaintiff incorporated into a master contract for the project. *Id.* ¶ 5-6.

Drawing on "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, those allegations demonstrate the typical bargaining that happens in construction project bidding which, at this stage in the litigation, allows the court to draw a reasonable inference that there was an offer, acceptance, and consideration—i.e., defendant's alleged agreement to do the work, and plaintiff's agreement to pay defendant $27,724,913 for that work.

Plaintiff also adequately alleged facts sufficient to demonstrate the basic terms of the contract, that plaintiff held up its end of the deal, that defendant breached the agreement, and that plaintiff sustained damages. Plaintiff's alleged failure to meet the requirements defendant pointed to is not grounds for dismissal. The allegations adequately apprise the Court and defendant of the obligations each party was alleged to have had. That is, the allegations show that defendant agreed to provide framing supplies and labor and plaintiff agreed to pay defendant for those supplies and labor. And plaintiff's allegations satisfy federal pleading standards allowing the Court to draw a reasonable inference that plaintiff held up its end of the bargain—by incorporating defendant's bid amount into a master contract under which defendant

would get paid—and that defendant breached its promise to do the work for the lump-sum price. Accordingly, the Court finds that the allegations in the complaint satisfy the federal pleading standards under *Twombly* and *Iqbal* and defendant's motion to dismiss is DENIED.

To the extent that defendants dispute the merits or the factual truth of plaintiff's allegations, such factual disputes are not suitable for resolution at this stage of the litigation. *See generally Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1111 (9th Cir. 2003) ("A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.") (quotation omitted); *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only plausibly suggest an entitlement to relief.") (internal quotations omitted).

**II.    Motion for a More Definite Statement**

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored, left to the district court's discretion, and rarely granted. *See Barnes v. Olive*, No. 2:15-cv-00520-HZ, 2015 WL 5813193, at *2 (D. Or. Sept. 30, 2015); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414 (D. Or. 2002); *Cellars v. Pac. Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal. 1999). Such a

motion is "proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Brooks v. Clyne*, 3:19-CV-02085-HZ, 2021 WL 359733, at *13 (D. Or. Jan. 31, 2021) (quoting *Adobe Sys. Inc. v. Software Speedy*, No. C–14–2152 EMC, 2014 WL 7186682, at *5 (N.D. Cal. Dec. 16, 2014)).

Further, a motion for a more definite statement "must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009). Rule 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Fed. R. Civ. P. 8(a)(2)). "Where the detail sought is available through discovery, the motion should be denied." *Obsidian Fin. Grp., LLC v. Crystal Cox*, No. 11-00057-HZ, 2011 WL 13253340, at *1 (D. Or. May 19, 2011) (citation omitted).

Here, plaintiff's complaint is sufficient to put defendant on notice that plaintiff is bringing a claim for breach of contract arising out of an alleged agreement between the parties, where plaintiff would pay defendant's asking price to provide framing supplies and labor on a construction site plaintiff managed. Based on defendant's briefing, it appears to be clear that defendant understands that plaintiff is alleging that it repudiated its agreement to perform framing work at the agreed price. That notice is fair under the standard, and defendant's motion for a more definite statement is DENIED.

Page 9 – OPINION AND ORDER

## CONCLUSION

Defendant's Motion to Dismiss and alternative Motion for a More Definite Statement, ECF No. 4, is DENIED. The Court notes the parties have been engaged in extended discovery, and that there is a substantial likelihood that the parties have each obtained information supporting or undermining plaintiff's claims. The parties are ordered to contact the Court to schedule a Telephonic Status Conference to discuss next steps aimed at resolving the case.

IT IS SO ORDERED.

Dated this 8th day of November, 2023.

/s/Ann Aiken

Ann Aiken
United States District Judge